## Graves *v.* Fulton *et al.*

The judge of the circuit court is authorized to amend a judgment in vacation, by correcting any mistake in entering the same up, when such mistake appears from the papers in the cause ; and there is no limit as to the time when an application should be made for the correction of the record.

When a party appears and contests a proceeding to correct a judgment, he cannot object to want of proper notice.

A correction made in a judgment in vacation cannot afterwards be set aside, on motion, without notice to the adverse party.

IN ERROR from the circuit court of the county of Madison.

This was an action of debt in the court below, on the following bill single:

"$2784.

"On or before the 31st day of December next, we or either of us promise to pay John W. N. A. Smith, administrator of S. D. Tury, deceased, or order, twenty-seven hundred and eighty-four dollars; value received. Witness our hands and seals the 2d day of January, eighteen hundred and thirty-seven.

Wm. C. Beck.    [Seal.]

David M. Fulton. [Seal.]

E. H. Green.    [Seal.]

Test:  J. W. Miller."

Indorsed, "J. W. N. A. Smith, adm'r of S. D. Tury, dec'd."

Plea—*Nil debit.*

On the 16th day of November, 1838, the defendants withdrew their plea, and judgment was entered up by the clerk for the sum of three hundred and forty-four dollars, instead of twenty-seven hundred and eighty-four dollars, the debt with interest thereon to the date of the judgment.

On the 1st day of February, 1839, an execution was issued by

Graves *v.* Fulton *et al.*

the clerk for twenty-seven hundred and eighty-four dollars debt, and three hundred and forty-four dollars twenty-five cents damages, which was levied on the property of D. W. Fulton, and forthcoming bond given by him, which was forfeited on the 16th of April, 1839, and executions from time to time, and at the November term 1840, a motion was made to quash the forthcoming bond, and the execution issued upon it, which motion, without any notice appearing of record, was sustained, and the bond and execution quashed.

The plaintiff having discovered the mistake made by the clerk, on the 8th day of April, 1841, he gave the defendants notice that on the 19th day of the same month, he would move the Hon. J. R. Nicholson, who was the judge of the circuit court, to correct said judgment by the note, which was filed with the declaration; and on that day, upon the application, the judge did correct the judgment, and ordered a judgment to be entered for the amount for which the judgment should have been rendered; and upon the judgment as amended, an execution issued. At the May term, after this proceeding in vacation, the court on motion set aside the judgment and quashed the execution. Of this motion it did not appear that the plaintiff had any notice. The plaintiff now assigns the following errors:

1. The court below erred in hearing a motion to quash the forthcoming bond, at the November term 1840, of said court, which was a term after the return term of said forthcoming bond.

2. The said court erred in quashing said bond at the said November term 1840, that being a term after the return term of said bond.

3. The court erred in hearing a motion in term time to set aside an order made in vacation for the correction of the judgment.

4. The court erred in hearing a motion to set aside the order made in vacation, and in setting aside said order, without notice to the plaintiff.

Hughes, for plaintiff in error.

1. The two first assignments of error are made to raise the question, whether it is competent for the circuit court to hear or sustain a motion to quash a forthcoming bond, at a term subsequent to the

return term of the bond and execution upon which the bond is taken.

Upon this question there can be but one opinion. This court, in the case of Wanzer *v.* Barker, 4 Howard, 369, say that it is too late to move to quash a forthcoming bond when the return term has been permitted to elapse; and the opinion gives the correct reason for the rule laid down: "The law allows a day in court between the giving of the bond and the time for issuing execution thereon, for an aggrieved party to be heard; when and where the facts can be spread upon the record, so as to be susceptible of review in the court of errors."

The party, according to this opinion, has a day in court, and that day is between the giving of the bond and the time for issuing the execution; but beyond that time he has no day in court, and can make no motion; the bond becomes a part of the records of the court, and stands in place of the original judgment, and is that upon which all subsequent executions are to be issued. There would be as much propriety in moving to set aside a final judgment rendered at one term at another. For the forfeited forthcoming bond has the force and effect of a judgment from its forfeiture. Within the term in which the party has a day in court, a motion can be made, and the court will be authorized to act, because both the parties are presumed to be in court, and are bound to take notice of the proceedings; after that period the law does not presume the parties to be in court; they have, to use a technical term, "gone hence," and can no more be brought into court, except by some process known to the law.

The 3d and 4th assignments raise the question, whether it was competent for the court below, in term time, to set aside an order which was made in vacation?

A judgment was rendered by *nil dicet*, for a sum less than the amount for which it should have been rendered, and there was filed with the papers a note by which the judgment could be corrected; and on motion to the judge in vacation, the judgment was corrected, and of this motion the defendants had notice. This took place in April, and at the subsequent May term of the court a motion was made to set aside the order for the amendment, and the motion was sustained, without notice to the plaintiff. This

last proceeding in court was not only erroneous, but absolutely void. The party should have attended before the judge, and should have excepted, and taken a writ of error. The proceeding in vacation was under the statute. See Revised Code, 125, sec. 96, by which the judge in vacation had the same power which he had in term time. Notice had to be given, and the day on which the motion was made, and the action of the court on the subject concluded, must be considered the term at which, and at which only, the court was authorized to act. A court was then held, and while it was being held, both parties had a day in court, at which they could be heard, and not after.

It will not be insisted, it is presumed, on the other side, that a judgment rendered at one term can be set aside at another. If, however, it should, the court is referred to the Assignees of Medford *v.* Dorsey, 2 Wash. C. C. R. 433, which is a case in point, and conclusive on the question.

But if the court had power to hear the motion, notice should have been given to the plaintiff, so that he also might have his day in court. This was not done; and therefore the judgment of the court below ought to be reversed.

C. C. SHACKELEORD, for defendant.

Before I proceed to present the authorities and points relied on by defendants in error, I will notice the brief and errors assigned by appellant's counsel.

The first and second causes of error are the same: that the court erred in quashing a bond after the term to which the execution and bond thereon was so returnable; in support of which the decisions are cited in 1 How. 98; 4 How. 369; 5 How. 233.

The case in 4 Howard is the strongest one in favor of appellants, but it does not sustain the position assumed by him. The court do not say in that case, a bond cannot be quashed only at the return term; or that a bond may not be quashed at any time where there is no judgment to support it.

But that the court did not intend nor did so decide in the case in 4 Howard, 369, is evident from the decisions made by the same court both before and since that time. In the case of Weathersby *v.* Proby, 1 Howard, 98, the court decide that, "upon a motion to

quash an execution upon a forfeited forthcoming bond, defects in the bond or original judgment cannot be taken advantage of; to reach such objections, a motion should be made to quash the bond." The court was certainly right, as the error in a bond cannot be reached by a motion merely to quash the execution that emanates from it. But a motion to quash the bond itself is the only way; or rather the defects may be reached by motion. The case above cited sustains this position, as also the case of Hoy *v.* Couch, 5 How. 188; there the court held, that if the original judgment is reversed, the judgment on the bond is null and void, and no motion need be made to quash the bond and the judgment thereon.

In the case of the Bank of the United States *v.* Patton, 5 How. the distinction is drawn by the court between the case in 4 How. 369, and the one now at bar. In that case, page 238, the court say, "but whilst it is conceded that the court cannot go behind to inquire after irregularities merely in the original judgment, it may nevertheless inquire whether there be any judgment; and that there is a wide difference in this respect between a defective judgment and no judgment." Now in the present case there is no judgment upon which the bond and the judgment thereon is founded; for it cannot be contended that the judgment in assumpsit or damages for the sum of three hundred and forty-four dollars and twenty-five cents damages, is the foundation for the execution, and in debt for the sum two thousand seven hundred and eighty-four dollars, and the further sum of three hundred and forty-four dollars and twenty-five cents damages. The execution does not follow the judgment either in character or amount. Then surely unless there is an original judgment different from or other than the one for three hundred and forty-four dollars and twenty-five cents, the bond has no foundation, and is null and void, as decided by this court in 5 Howard, p. 238 and 188.

Suppose an execution should issue for one thousand dollars on a judgment, and the defendant should execute a bond reciting a judgment for ten thousand, and that bond should be returned and the party executing a bond failed to quash the bond at the next term, he certainly could not be held responsible for the ten thousand dollars. The court would at any time entertain a motion to

quash, because there was no judgment upon which the bond and judgment could be founded.

It is insisted that the court erred in setting aside the judgment granted in vacation at the ensuing term. Now, we expect to show that the court had no power to correct the errors of a judgment, except at the term at which the judgment was rendered, or in the vacation next immediately ensuing the term at which the judgment was rendered.

The section 96, p. 125, Rev. Code, warrants, alone, the conclusion we draw; and the decision in 2 W. C. C. R. 433, sustains us in the position, that the power of the judge over the records, to correct, ceases with the term and the vacation next ensuing. But if the judge had power in vacation, as asserted, to correct, as Judge Nicholson did on the 19th April, 1841, he certainly had power at the next ensuing term to set aside his judgment. If his acts on the 19th were valid, so were his acts on the 28th May, 1841. If his acts of 19th April were void, it needed not his action of 28th May to render it so; and his setting aside his judgment in vacation does not make the judgment better or give this court a revising power.

But, in the judge's vacation movement, what did he attempt? To correct a judgment? No! The judgment which he attempted to correct was a judgment in damages for three hundred and forty four dollars and twenty-five cents, which, on motion in vacation, he orders to be filed among the papers, an order setting aside that judgment, and writes out a new judgment entirely—a judgment in debt—wherein he sets forth the parties appeared by their attorney, &c. and then sets forth that the plaintiff recover of the defendants the sum of twenty-seven hundred and eighty-four dollars, "the debt" in the declaration mentioned, &c. with the sum of one hundred and ninety-seven dollars and eighty-eight cents interest, &c. and costs of suit, &c.

Has a judge, three years after a judgment is rendered, power, in vacation, to set aside one judgment and substitute another? for the order of 19th April is not an amendment, but it is the substitution of a judgment in debt for one in damages, rendered three years previous.

VOL. VII.—51

The plaintiff in error says he had no notice of our motion to quash the bond, and to set aside the judgment in vacation. With that this court nor we can have any thing to do. The motions were entered during the sitting of the court, during term time, and the last motion was granted after full argument.

The defendants in error think the court did not err in entertaining the motion to quash the bond at the time it did. They contend that a bond, given without an execution founded on a judgment, is a nullity, and rely upon the case in 1 How. 98; 5 ibid. 238; ibid. 188; 5 J. J. Mar. 164; 3 John. 523; 3 Wills, 345.

In 1 Hen. & Munf. 25, the court held, "that a district court had no power or jurisdiction to revise, alter or amend a judgment given at a previous term of the said court, which had been entered on the order book, and signed by a judge in open court."

In 2 Hen. & Munf. 477, the court, in a note to the case of Cogsbill *v.* Cogsbill, say, "that amendment made, altering the judgment entered on the verdict, at another and subsequent term, after the verdict given and the judgment entered thereon, fully drawn up, read and signed by the said judge in open court, was erroneous; the said amendment, after the term, not being authorized by law." Vaugn & Field *v.* Freeland *et al.* 2 H. & M. 477, note.

In Call's Rep. "If the jury find a right verdict, but the district court records wrongly, and enters judgment upon it as recorded, this court cannot correct the error by the true verdict at a subsequent term. 6 Call, 12.

The above authorities show the judge had no power to correct or substitute the judgment in vacation for the one of record. Then, if the judgment of vacation was wrong, the court, at the ensuing term, did right in setting it aside; and if he had no power to set it aside at term time, it is the duty of this court now to revise it and adjudge it null and void. If the judge had power in vacation to give the judgment he did, he had a right, at the term following, to set it aside; and, if he would not, this court would.

Also, in John. Dig. title Judgment, the court say, "After argument of a cause, and judgment thereon and the term ended, it is too late to move to amend."

J. S. YERGER on the same side.

Opinion of the court by SHARKEY Ch. J.

The plaintiff sued the defendants in an action of debt; they withdrew the plea and suffered judgment by default, but the clerk entered the judgment for the damages only, leaving out the debt. He however issued execution for the proper amount, and the defendants gave a forthcoming bond, which was forfeited. At a subsequent term the bond was quashed, and then the plaintiff discovering the mistake, applied to the circuit judge in vacation to have the judgment corrected. Notice was given to the defendants of this application; and the judge ordered a correction of the judgment, and at the next succeeding term he set aside the judgment which had been given in vacation, thus leaving the judgment as it was originally entered, and it is this last judgment which the plaintiff seeks to reverse.

The defendants in term time moved to set aside the vacation judgment for the following reasons, to wit: 1. The amendment was not made within the time limited by law; 2. The amendment was contrary to law; 3. That the amendment was made on the day the parties were notified to attend, without giving them an opportunity of contesting the same, although they were present.

None of these reasons are sufficient to support the judgment setting aside the proceedings in vacation. The law does not fix a limitation. The judge is authorized to amend in vacation, by correcting any mistake, where such mistake is made manifest from the papers in the cause. In this instance the papers abundantly show the propriety of the amendment. The writ and the declaration both describe a writing obligatory for twenty-seven hundred and eighty-four dollars. Indeed the writing obligatory is set out in the record. The defendants were served with process, and appeared and pleaded. They afterwards withdrew their plea and suffered a default. Then it is clear the plaintiff was entitled to a judgment for the debt as well as the damages, or he was not entitled to judgment at all. The record presents precisely such a case as the statute was intended to remedy. The plaintiff has a judgment for only three hundred and forty-four dollars, the amount of damages, or interest, but no judgment for the principal, when

no defence whatever was made to the action.　As to the want of an opportunity to contest the amendment, that is a reason which is not very intelligible.　They admit they were present, and the law presumes then that they were heard.　But the plaintiff urges want of notice of the motion to set aside the vacation proceedings, as a reason for reversing.　The record does not even show that the motion was entered on the docket or any other notice, and this ground alone would be sufficient.

Judgment reversed and cause remanded.